USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT _________________________ No. 96-1490 JUAN A. BERDEC A-P REZ, Plaintiff, Appellee, v. JOS ZAYAS-GREEN, ET AL., Defendants, Appellants. _________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Carmen Consuelo Cerezo, U.S. District Judge] ___________________ _________________________ Before Selya, Circuit Judge, _____________ Bownes, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ _________________________ Jose R. Perez-Hernandez and Pierluisi & Mayol-Bianchi on _________________________ __________________________ brief for appellants. Ramonita Dieppa-Gonz lez and Puerto Rico Legal Services, ________________________ _____________________________ Inc. on brief for appellee. ____ _________________________ April 16, 1997 _________________________ SELYA, Circuit Judge. Plaintiff-appellee Juan A. SELYA, Circuit Judge. ______________ Berdec a-P rez, an accountant, has worked for the Municipality of Barranquitas from 1978 to the present time. In the November 1992 elections, the New Progressive Party seized the reins of power in the municipal government. Shortly thereafter, the plaintiff was transferred to a different post (though his salary remained intact). In early 1994, however, the plaintiff's salary was slashed sharply. After unsuccessfully pursuing administrative remedies, he invoked 42 U.S.C. 1983 (1994) and sued two top municipal officials. He alleged, inter alia, that, although _____ ____ political affiliation was not a suitable criterion for the job that he held, the defendants nonetheless cut his pay in retaliation for his active support of the Popular Democratic Party. In due course, the defendants moved for brevis ______ disposition on the ground that they were at least qualifiedly immune from the plaintiff's suit for damages. On February 26, 1996, the district court denied their motion in a cryptic, single-sentence order. The defendants then prosecuted this interlocutory appeal. We need not tarry. To the extent that the appellants claim that their actions are insulated from First Amendment scrutiny as a matter of law because a reduction in the plaintiff's salary was necessitated by the Uniform Compensation Act, P.R. Laws Ann. tit. 3, 760 et seq. (1988 Supp.), the __ ____ regulations thereunder, and the personnel regulations of the 2 Municipality of Barranquitas, they are wrong and they are wrong under federal law that was clearly established when they acted. See, e.g., Rosario-Torres v. Hernandez-Colon, 889 F.2d 314, 318 ___ ____ ______________ _______________ (1st Cir. 1989) (en banc); Santiago-Negron v. Castro-Davila, 865 _______________ _____________ F.2d 431, 433-34 (1st Cir. 1989); Roure v. Hernandez Colon, 824 _____ ________________ F.2d 139, 141-43 (1st Cir. 1987) (per curiam). To the extent that the appellants claim that their actions are insulated from First Amendment scrutiny as a matter of fact because their only intention was to obey the law, the record presents an issue of fact as to their intent an issue of the type that can no longer be resolved on interlocutory appeal. See Johnson v. Jones, 115 ___ _______ _____ S. Ct. 2151, 2156 (1995); Santiago-Mateo v. Cordero, ___ F.3d ______________ _______ ___, ___ (1st Cir. 1997) [No. 96-1688, slip op. at 3-5]; Stella ______ v. Kelley, 63 F.3d 71, 75 (1st Cir. 1995). Either way, the ______ instant appeal is an exercise in futility.1 Appeal dismissed. Appeal dismissed. ________________  ____________________ 1The lack of specific findings by the lower court, while not fatal to its ruling on summary judgment, see Domegan v. Fair, 859 ___ _______ ____ F.2d 1059, 1065-66 (1st Cir. 1988), complicates the appellate task. Especially in light of the jurisdictional questions that attend the denial of summary judgment motions raising qualified immunity defenses, we urge the district courts, either by rescripts or bench decisions, to give us some indication of their reasoning. 3